IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Craig Andre Neal, | ) | Case No 0:17-cv-2352 |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Warden Joyner, | ) | |
| Respondent. | ) | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 5) recommending that this Court summarily dismiss Petitioner's habeas petition without prejudice and without requiring the respondent to file a return. For the reasons set forth below, this Court adopts the R. & R. as the order of the Court. The habeas petition is dismissed without prejudice.

**I.   Background**

Petitioner Craig Andre Neal was convicted of conspiracy to distribute cocaine, possession with intent to distribute cocaine, and possession to distribute marijuana in the United States District Court for the Middle District of Florida in 2002 and sentenced to an aggregate term of life imprisonment. Mr. Neil is currently confined at the Federal Correctional Institution in Estill, South Carolina. He filed a motion for relief under 28 U.S.C. § 2255 in the Middle District of Florida that was denied in 2006. Now before this Court is Mr. Neal's *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Me .Neal claims that his sentence was improperly enhanced based on predicate offenses of which he is actually innocent. He seeks immediate release from prison or to be resentenced.

## II. Legal Standards

### a. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the R. & R. to which specific objection is made. Fed. R. Civ. P. 72(b)(2). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In the absence of any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

### c. 28 U.S.C. § 2255 Savings Clause

Defendants convicted in federal court are obliged to seek habeas relief through § 2255 unless they are able to satisfy the § 2255 savings clause. *See Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (providing that if a federal prisoner brings a § 2241 petition that does not fall

within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction). Pursuant to the savings clause, "An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The United States Court of Appeals for the Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). It is settled that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d 1192, 1194 n.5 (citations omitted). The Fourth Circuit has summarized the effect of its decision in *In re Jones* as follows

> In short, under the Jones rule a federal prisoner is entitled to pursue a § 2241 motion only when he had no opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law. If, conversely, the prisoner had an unobstructed procedural shot at filing a § 2255 motion to take advantage of such a change, a § 2241 motion is unavailable to him, and any otherwise unauthorized habeas motion must be dismissed for lack of jurisdiction.

*Rice v. Rivera*, 617 F.3d at 807.

## III. Discussion

The Magistrate Judge explained in the R. & R. that Petitioner has failed to satisfy the § 2255 savings clause because he only seeks to challenge what he alleges was an improper sentencing enhancement based on predicate offenses that he says either (a) he did not commit or (b) are not legally sufficient to support the sentencing enhancement he received.

Petitioner filed timely objections to the Magistrate's R. & R. (Dkt. No. 9), claiming that he has satisfied the § 2255 savings clause because a § 2255 motion is inadequate or ineffective to test the legality of his detention (Dkt. No. 9 at 9.) Petitioner also claims that he is factually innocent of his conviction and certain predicate offenses used to enhance his sentence.[1] The Court has considered *de novo* the portions of the R. & R. to which Petitioner has objected. The Court has reviewed Petitioner's Supplement to his Objections to the R. & R. (Dkt. No. 10.)

This Court only has jurisdiction to entertain a § 2241 petition if Petitioner can show that a motion under 28 U.S.C. § 2255 would be inadequate or ineffective to test the legality of his detention. In his Objections to the R. & R., Mr. Neal claims that "§ 2255 was inadequate or ineffective because it did not remedy erroneous mandatory minimum." (Dkt. No. 9 at 9.) However, it is settled law that § 2255 is not rendered inadequate or ineffective simply because Petitioner was previously denied relief under that provision. *In re Vial*, 115 F.3d at 1194. To satisfy the savings clause, Petitioner must show that he had no opportunity to use § 2255 to take advantage of a change in applicable law, *Rice v. Rivera*, 617 F.3d at 807, but Petitioner does not identify any substantive change in the law which rendered the conduct of which he was convicted noncriminal.

---

[1] Petitioner filed a motion to amend or correct his Petition for a writ of habeas corpus to demonstrate his factual innocence. (Dkt. No. 8.) The Court has reviewed Petitioner's proposed amendments and determined that they would have no impact on the Court's decision to dismiss the habeas petition. For this reason, Petitioner's motion to amend/correct the Petition for habeas corpus is denied.

Other district courts in this Circuit have considered claims similar to Petitioner's and reached the same conclusion. *See Brandon v. Wilson*, No. 3:16CV142, 2017 WL 707497, at *5 (N.D.W. Va. Jan. 30, 2017) ("Brandon cannot establish that the conduct for which he was actually convicted, being a felon in possession of a firearm and ammunition, is no longer criminal" so "he is not entitled to proceed under § 2241."); *Stuckey v. Bragg*, No. 517CV01573HMHKDW, 2017 WL 3669618, at *3 (D.S.C. July 31, 2017), *report and recommendation adopted*, No. CV 5:17-1573-HMH-KDW, 2017 WL 3650706 (D.S.C. Aug. 24, 2017) (similar); *Rouse v. Wilson*, 584 F. App'x 76 (4th Cir. 2014) (finding that the district court properly determined that a petitioner could not challenge a career offender enhancement under § 2241); *Farrow v. Revell*, 541 F. App'x 327 (4th Cir. 2013) (holding that a petitioner's challenge to an ACCA sentence enhancement was not cognizable under § 2241 via the § 2255 savings clause).

## IV. Conclusion

For the reasons stated above, this Court adopts the R. & R. (Dkt. No. 5) as the order of the Court. The habeas petition is dismissed without prejudice. The docket should reflect that the Court GRANTS Petitioner's motion to file a supplement to his Objections (Dkt. No. 10) and DENIES Petitioner's motion to amend/correct the petition for writ of habeas corpus. (Dkt. No. 8.)

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 25, 2017
Charleston, South Carolina