IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Craig Andre Neal, | ) | Civil Action No. 0:17-2352-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden Joyner, | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge recommending that Craig Andre Neal's Amended Petition for a writ of habeas corpus be dismissed for lack of jurisdiction. (Dkt. No. 36.) For the reasons set forth below, the Court adopts the R & R as the Order of the Court and the Amended Petition is dismissed without prejudice.

**I.  Background**

Petitioner Craig Andre Neal is a prisoner at the Federal Correctional Institution Estill who has filed a *pro se* Amended Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Dkt. No. 35.) Petitioner was found guilty by a jury of conspiracy to distribute cocaine, possession with intent to distribute cocaine and possession with intent to distribute marijuana, and was sentenced by the District Court for the Middle District of Florida to an aggregate term of life imprisonment. Petitioner asserts that his prior federal sentence was made unlawful pursuant to *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) because the sentencing court misapplied his prior Georgia state convictions as federal sentencing enhancements under 21 U.S.C. § 841(b)(1)(A). Petitioner has filed Objections to the Magistrate Judge's R & R.

## II. Legal Standard

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where the petitioner objects to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Where the petitioner has not objected, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note. In the absence of objections, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See, e.g., Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III. Discussion

The Court finds that the Magistrate Judge ably addressed the issues raised by Petitioner and correctly concluded that the action should be dismissed for lack of jurisdiction. As discussed in the R & R, a petitioner cannot challenge his federal conviction and sentence pursuant to 28 U.S.C. § 2241 unless he demonstrates that a motion under 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). To make this demonstration under section 2255(e), the petitioner must establish:

> (1) [A]t the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner

is unable to meet the gatekeeping provisions § 2255(h)(2) for the second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

Petitioner argues that his sentence was made retroactively unlawful by the holding of the United States Court of Appeals for the Fourth Circuit in *United States v. Simmons*, which amended the method by which a prior North Carolina conviction is considered a felony under federal sentencing laws. 649 F.3d 237 (4th Cir. 2011). The Magistrate Judge correctly concluded that this does not satisfy section 2255(e) because *Simmons* did not amend how a Georgia conviction, such as Petitioner's, is considered under federal sentencing laws. As a result, this Court lacks jurisdiction and, as the Magistrate Judge noted, Petitioner's potential remedy may be to seek permission from the United States Court of Appeals for the Eleventh Circuit to file a successive section 2255 petition in the District Court for the Middle District of Florida, in which he was sentenced.[1]

### IV. Conclusion

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. No. 36) is **ADOPTED** as the Order of the Court. Petitioner's Amended Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 34) is **DISMISSED** without prejudice.

**AND IT IS SO ORDERED.**

---

[1] The "Application for Leave to File a Second or Successive Motion to Vacate, Set Aside or Correct Sentence, 28 U.S.C. § 2255, by a Prisoner in Federal Custody" is made available by the U.S. Court of Appeals for the Eleventh Circuit at http://www.ca11.uscourts.gov/sites/default/files/courtdocs/clk/Form2255APP_FEB17.pdf.

_____
Richard Mark Gergel
United States District Court Judge

August 30, 2018
Charleston, South Carolina